## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM PATRICK JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-206-SLP |
| | ) | |
| KAY LYN WILLIAMS, | ) | District Court of Pottawatomie |
| | ) | County, Case No. CJ-2026-14 |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is Plaintiff's Objection to Notice of Removal and Motion to Remand [Doc. No. 12]. The matter is fully briefed. *See* Doc. Nos. 14, 15 and 16. Upon review, Plaintiff's Motion is GRANTED and this matter is REMANDED to state court.

### I.    <u>Introduction</u>

Plaintiff initiated his lawsuit in the District Court of Pottawatomie County, State of Oklahoma, alleging that Defendant negligently struck him with a motor vehicle as he was a pedestrian, lawfully crossing the street in Shawnee, Oklahoma on August 27, 2024. *See* Pet.; *see also* Aff., ¶¶ 5-6, 8. Defendant then removed the action on the basis of diversity of citizenship jurisdiction, pursuant to 28 U.S.C. § 1332.

There is no dispute between the parties that Defendant is a citizen of the State of Oklahoma. *See* Notice [Doc. No. 10]; *see also* Pet. [Doc. No. 1-1] , ¶ 1. The parties' dispute centers on Plaintiff's citizenship. Plaintiff has submitted an Affidavit [Doc. No. 16-1] and states that he moved to Oklahoma in September 2022 and has continuously

resided in Oklahoma since that time.  He also states that he intends to remain in Oklahoma indefinitely and that he has no plans or intentions to relocate to any other state.  *See id.*, ¶¶ 3-4.  He further states that he has never been a resident, citizen or domiciliary of the State of Colorado.  *Id.*, ¶ 5.

Defendant claims that she needs to conduct jurisdictional discovery as to the issue of Plaintiff's citizenship.  Defendant points to the police report issued at the time of the accident that identifies Plaintiff's address as located in Colorado Springs, Colorado.  *See* Report [Doc. No. 14-1].

## II.     Governing Standard

A defendant may remove a case to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states."  Section 1332 require complete diversity, and the "plaintiff must meet the requirements of the diversity statute for each defendant[.]" *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989).

The party opposing a motion to remand to state court has the burden to establish subject matter jurisdiction by a preponderance of the evidence.  *Lopez v. Cantex Health Care Centers, II, LLC*, No. 23-2038, 2023 WL 7321637 at *5 (10th Cir. Nov. 7, 2023) (citing *Karnes v. Boeing Co.*, 335 F.3d 1189, 1194 (10th Cir. 2003); *see also Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) ("If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence.").  Indeed, it is

2

presumed that a cause lies outside the limited jurisdiction of the federal courts. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015). Thus, the burden is on the removing party to overcome that presumption. *Dutcher v. Matheson*, 733 F.3d 980, 984-85 (10th Cir. 2013). And "[m]ere conclusory allegations of jurisdiction are not enough[.]" *Celli*, 40 F.3d at 327.

### III.   Discussion

The Court notes that the record is replete with lack of careful attention to detail by both parties. Nonetheless, Defendant bears the burden of establishing removal is proper and, on the record presented, Defendant has not met her burden. In this regard, Defendant initially filed an erroneous Notice of Removal, alleging that she was a citizen of Colorado and that Plaintiff was a citizen of Oklahoma. Defendant then filed a Notice of Errata, alleging that she had "inadvertently switched the home states of the parties." *See* Doc. No. 10 at 1.

Defendant now seeks jurisdictional discovery but fails to explain why she could not have discovered Plaintiff's citizenship prior to filing the Notice of Removal. Although she relies on the police report made in 2024, what matters for purposes of the Court's analysis is Plaintiff's citizenship at the time of removal.[1] Defendant has not provided any meaningful challenge to Plaintiff's Affidavit in which he states that he is a citizen of the

---

[1] "[T]he relevant time period for determining the existence of complete diversity is the time of the filing of the complaint." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015). And in removed cases, there is also a statutory requirement that diversity of citizenship exist at the time of removal. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 574 (2004) (citing 28 U.S.C. § 1441(a)).

State of Oklahoma and has never resided in Colorado, and which establishes that, at the time of removal, Plaintiff was a citizen of Oklahoma.[2]

The Court finds Defendant has not shown jurisdictional discovery is warranted. She has failed to show either a "legal entitlement" to such discovery or prejudice from a denial of discovery. *See Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 (10th Cir. 2010). Certainly, after remand Defendant can conduct any jurisdictional discovery and, if appropriate, timely remove this action once obtaining sufficient information to determine whether diversity jurisdiction exists. *See North Fork Operating, LP v. Mewbourne Oil Co.*, No. CIV-23-1187-D, 2024 WL 3256422 at *2 (citing 28 U.S.C. § 1446(b)(3); *then citing O'Bryan v. Chandler*, 496 F.2d 403, 409 (10th Cir. 1974)). But because Defendant has failed to meet her burden of establishing this Court's exercise of diversity jurisdiction is proper, a remand is required.[3]

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Doc. No. 12] is GRANTED.[4] The Clerk of Court is directed to take all actions necessary to effect the remand.

---

[2] Defendant's only challenge is based on the fact that Plaintiff initially submitted an affidavit that was unsigned. *See* Doc. No. 12-1. Plaintiff then corrected that error with the filing of a signed affidavit. *See* Doc. No. 16-1.

[3] Although not raised by Plaintiff at this time, it appears any subsequent removal would be barred by the forum defendant rule which prohibits a defendant from removing a case on the basis of diversity jurisdiction if any "properly joined and served" defendant is a citizen of the state in which the state-court action was brought. *See* 28 U.S.C. § 1441(b).

[4] Plaintiff's request for attorney's fees and costs is denied. Defendant appears to have had an objectively reasonable basis for the removal and no unusual circumstances warrant an award of fees. *See Martin v Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

IT IS SO ORDERED this 24th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE